IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HERRIMAN CITY, a municipality, et al., <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> SHERRIE SWENSEN, as Salt Lake County Clerk; and GARY R. HERBERT, as Lieutenant Governor of the State of Utah, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO INTERVENE <br><br><br><br><br> Case No. 2:07-CV-711 TS |

      This matter is before the Court on Cottonwood Heights City, Sandy City, Draper City, and the City of Midvale's ("Proposed Intervenors") Motion to Intervene. For the reasons discussed below, the Court will deny the Motion.

      This matter concerns Plaintiffs' constitutional challenge to a state statutory scheme which establishes the procedure for the creation of a new school district. The Proposed Intervenors are parties to an Interlocal Agreement established for the purpose of creating an East Side School District. The Court denied Plaintiffs' Motion for Permanent Injunction[1] and the election on the

---

[1] Docket No. 20.

1

issue of whether or not to create the East Side School District proceeded as scheduled.  The voters, comprised of the citizens of the Proposed Intervenors, voted to create a new school district.[2]  The Proposed Intervenors seek to intervene in this action as a matter of right pursuant to Fed.R.Civ.P. 24(a), arguing that they have a significant and protectible interest in the matter which is not adequately represented by the current parties.  Plaintiffs oppose the intervention.

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

It is undisputed that the Proposed Intervenors have an interest that may be impaired if the statutory scheme at issue is held to be unconstitutional and the election results are voided. Thus, the only issue here is whether the Proposed Intervenors' interests are adequately represented by the existing parties.

In *San Juan County v. United States*,[3] the Tenth Circuit recently dealt extensively with the issue of intervention as a matter of right.  In that case, the court "stated the general presumption that representation is adequate when the objective of the applicant for intervention

---

[2] Official Election Results 2007 General Election Salt Lake County, Utah, *http://www.clerk.slco.org/results/public/* (last visited November 29, 2007).

[3] 503 F.3d 1163 (10th Cir. 2007).

is identical to that of one of the parties."[4]  The court went on to state that "this presumption should apply when the government is a party pursuing a single objective."[5]

In order to determine whether the interests of the Proposed Intervenors and the existing parties are aligned, the Court must examine the causes of action contained in Plaintiffs' Complaint.  When read as a whole, Plaintiffs' Complaint alleges that the statutory scheme which established the process for creating the new school district is unconstitutional.  Thus, the issue before the Court is the constitutionality of the statutory scheme.

The Attorney General is required by statute to "prosecute or defend all causes to which the state, or any officer, board, or commission of the state in an official capacity as a party; and take charge, as attorney, of all civil legal matters in which the state is interested."[6]  Here, the Lieutenant Governor is a party to this action and is being defended by the Attorney General. Further, the Attorney General has been given notice of the constitutional challenge contained in the Complaint[7] pursuant to Fed.R.Civ.P. 5.1 and is participating in this action.  While it may be true, as the Proposed Intervenors state, that the Attorney General and the Proposed Intervenors have differing interests in the outcome of this action, their ultimate interests in defending the constitutionality of the state statute are aligned.  Because of this alignment of interests in upholding the constitutionality of the statutory scheme, the Court, applying the presumption

---

[4]*Id*. at 1204 (quotation marks and citation omitted).

[5]*Id*.

[6]Utah Code Ann. § 67-5-1(2).

[7]*See* Docket No. 4.

stated above, finds that representation in this matter is adequate. Therefore, the Proposed Intervenors are not entitled to intervene as a matter of right and the Court will deny the Motion.

The Proposed Intervenors have not sought permissive intervention, thus the Court will not address this issue. The Proposed Intervenors may seek to intervene pursuant to Fed.R.Civ.P. 24(b) if they so choose.

It is therefore

ORDERED that the Motion to Intervene (Docket No. 15) is DENIED.

DATED   November 30, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge