IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HERRIMAN CITY, a municipality, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHERRIE SWENSEN, as Salt Lake County Clerk; and GARY R. HERBERT, as Lieutenant Governor of the State of Utah,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT SWENSEN'S MOTION TO DISMISS<br><br><br><br>Case No. 2:07-CV-711 TS |

This matter is before the Court on Defendant Swensen's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion and dismiss Defendant Swensen from this case.

I.  RULE 12(b)(6) STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[1]  Plaintiff must provide "enough facts to state a

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

## II.  DISCUSSION

In her Motion to Dismiss, Swensen argues that she is not a proper party to this case because she has no power to change the statutory scheme at issue and is merely performing her duties pursuant to state law.  Plaintiffs argue that they are "merely seeking prospective injunctive relief by preventing Swensen from acting under color of state law to conduct an election in such a way that it violates the Plaintiffs' constitutional rights."[6]  Defendant Swensen replies that, now that the election has been held, Plaintiffs' claims against her are moot as there is nothing she can do to reverse the election results.

---

[2] *Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] Docket No. 13, at 6.

The Tenth Circuit has "held that 'Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relied would be moot—i.e. where the controversy is no longer live and ongoing.'"[7] Plaintiffs' only claims against Defendant Swensen are for prospective injunctive relief.  Plaintiffs sought to prevent the election or to prevent Defendant Swensen from counting the ballots or certifying the election.  The Court denied Plaintiffs' Motion for Permanent Injunction and the election went forward as scheduled.  As a result, the Court finds that Plaintiffs' claims for prospective injunctive relief against Defendant Swensen are now moot.  Therefore, the Court will grant Defendant Swensen's Motion to Dismiss and will dismiss her from this action.  As a result of this ruling, there is no need to determine Defendant Swensen's claims that Plaintiff Herriman City should be dismissed.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Swensen's Motion to Dismiss (Docket No. 9) is GRANTED.  The hearing set for January 15, 2008, is STRICKEN.

DATED   December 3, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Beierle v. Colo. Dept. of Corrs.*, 79 Fed. Appx. 373, 375 (10th Cir. 2003) (quoting *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994)).