IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HERRIMAN CITY, a municipality, et al.,<br><br>    Plaintiffs,<br><br><br><br><br><br>            vs.<br><br><br><br>SHERRIE SWENSEN, as Salt Lake County Clerk; and GARY R. HERBERT, as Lieutenant Governor of the State of Utah,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANT HERBERT'S MOTION TO DISMISS<br><br><br><br><br><br>Case No. 2:07-CV-711 TS |

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint and Defendant Herbert's Motion to Dismiss Complaint and Amended Complaint.  For the reasons set forth below, the Court will grant Plaintiffs' Motion for Leave to Amend and will deny Defendant Herbert's Motion to Dismiss.

## I. BACKGROUND

A full recitation of the factual background surrounding this case can be found in the Court's Memorandum Decision and Order Denying Plaintiffs' Motion for Emergency Relief and Permanent Injunction.[1]  It is unnecessary to repeat all of these facts here and, thus, the Court will limit its discussion to those facts pertaining to the pending motions.

On December 3, 2007, the Court granted Defendant Swensen's Motion to Dismiss and dismissed Plaintiffs' claims against her.[2]  The Court, relying on Plaintiffs' statements that they sought to prevent the election or to prevent Defendant Swensen from counting the ballots or certifying the election, held that Plaintiffs' claims were now moot since Defendant Swensen could not reverse the election results.

In response to the Court's Order, Plaintiffs seek to amend their Complaint.  By their Motion for Leave to Amend, Plaintiffs seek to bring Defendant Swensen back into this matter. Plaintiffs seek to do so by adding new allegations concerning upcoming elections under the statutory scheme.  In particular, Plaintiffs add allegations concerning the upcoming election of school board members in both the new and remaining portions of the Jordan School District and other possible elections to create new school districts in Salt Lake County.  Defendant Swensen opposes the effort to renew the suit against her by arguing that any attempt to amend the Complaint would be futile.

In addition, Defendant Herbert seeks dismissal of the Complaint and Proposed Amended Complaint against him.  Defendant Herbert argues that his role under the statutory scheme is

---

[1]Docket No. 20.

[2]Docket No. 37.

complete and the Complaint is now moot.  Defendant Herbert also argues that the Proposed

Amended Complaint fails to set forth a justiciable case or controversy.

## II.  DISCUSSION

A.      MOTION FOR LEAVE TO AMEND COMPLAINT

Fed.R.Civ.P. 15(a) provides that leave to amend a party's complaint "shall be freely

given when justice so requires."  However, "'the district court may deny leave to amend where

amendment would be futile.  A proposed amendment is futile if the complaint, as amended,

would be subject to dismissal.'"[3]

Plaintiffs' Proposed Amended Complaint is largely the same as their original Complaint,

with two exceptions.  First, Plaintiffs add allegations concerning a June 2008 special election of

school board members.  Second, Plaintiffs add allegations concerning possible future elections

which may result in the creation of new school districts within Salt Lake County.  Both of these

additional allegations implicate Defendant Swensen's duties as County Clerk.

Defendant Swensen opposes Plaintiffs' Motion for Leave to Amend and argues that

Plaintiffs' proposed amendments are futile and should be rejected.[4]  Defendant Swensen argues

that the Court has already rejected Plaintiffs' constitutional claims and allowing an amendment

concerning upcoming elections would be futile.  Plaintiffs respond by arguing that the Court has

only ruled on the constitutional issues at the preliminary injunction stage, and has not ruled on

them on their merits.

---

[3]*Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[4]Defendant Herbert also objects to the Motion for Leave to Amend.  Those objections will be addressed in the section dealing with Defendant Herbert's Motion to Dismiss.

The Court finds that Plaintiffs' proposed amendments are not futile and will allow Plaintiffs to file an Amended Complaint.  Plaintiffs' proposed amendments show that Defendant Swensen's role under the statutory scheme at issue is not yet complete.  Further, there will likely be future elections held pursuant to the statutory scheme.  Thus, Plaintiffs' claims for prospective injunctive relief against Defendant Swensen are not moot.  Further, as correctly noted by Plaintiffs, the Court has not reached the merits of Plaintiffs' claims.  Rather, the Court has only ruled that Plaintiffs were not entitled to injunctive relief as they had failed to show a substantial likelihood of success on the merits of their claims.  As such, the Court cannot find that Plaintiffs' proposed amendments are futile.

B.      MOTION TO DISMISS

Defendant Herbert, in his Motion to Dismiss, argues that his role in the November 2007 election has ended by his issuance of a certificate creating the new school district and, thus, Plaintiffs' claims are moot as against him.  Defendant Herbert also argues that the Proposed Amended Complaint also fails to set forth a justiciable case or controversy.  In particular, Defendant Herbert states that he will have no role in the June 2008 special election of school board members.

Plaintiffs respond that their Complaint is not moot as against Defendant Herbert. Plaintiffs state that they seek to overturn the November 2007 election results and that any ruling overturning that election would impact Defendant Herbert.  Plaintiffs go on to argue that "[t]he very real threat exists that similar ballot measures will be proposed by other Salt Lake County

political subdivisions."[5]  Finally, Plaintiffs argue that Defendant Herbert's Motion should be denied based on the public interest exception to the mootness doctrine.

The Court will not dismiss Plaintiffs' Amended Complaint against Defendant Herbert on mootness grounds.  Plaintiffs allege that Defendant Herbert will play a role in any future election held under the statutory scheme.  Plaintiffs seek prospective injunctive relief as to those elections.  Thus, Plaintiffs' claims against him are not moot.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 41) is GRANTED.  It is further

ORDERED that Defendant Herbert's Motion to Dismiss Complaint and Amended Complaint (Docket No. 46) is DENIED.  It is further

ORDERED that the parties submit their memoranda concerning summary judgment in accordance with the December 28, 2007 Scheduling Order (Docket No. 51).

DATED   January 14, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

_____

[5]Docket No. 52, at 4.